UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| ROXANN MARIE PADILLA, | ) | Case No. 22-12638 TBM |
| | ) | Chapter 7 |
| Debtor. | ) | |
| | ) | |
| | ) | |
| DAVID V. WADSWORTH, | ) | Adversary Proceeding No. |
| Chapter 7 Trustee, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| MAKWA FINANCE, | ) | |
| | ) | |
| Defendant. | ) | |

**COMPLAINT TO AVOID AND RECOVER PREFERENTIAL TRANSFERS**

DAVID V. WADSWORTH, chapter 7 trustee, for his Complaint to Avoid and Recover Preferential Transfers, states and alleges as follows:

**JURISDICTION AND VENUE**

1. The Court has subject matter jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 1334(b) and (e).

2. This proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(F).

3. Venue in this district is proper under 28 U.S.C. § 1409(a).

4. This adversary proceeding is commenced pursuant to Rule 7001(1) of the Federal Rules of Bankruptcy Procedure.

5. Plaintiff consents to the entry of final orders and judgment by the Bankruptcy Court.

## PARTIES AND STANDING

6. Plaintiff David V. Wadsworth (the "Trustee") is the duly appointed chapter 7 trustee of the bankruptcy estate of Roxann Marie Padilla, Case No. 22-12638 TBM.

7. Defendant Makwa Finance ("Makwa") is a limited liability company wholly-owned and controlled by the Lac du Flambeau Band of Lake Superior Chippewa Indians ("Tribe") doing business in Colorado.

8. Roxann Marie Padilla (the "Debtor") filed for relief under chapter 7 of the Bankruptcy Code on July 20, 2022 (the "Petition Date").

9. Prior to the Petition Date, the Debtor was a party to at least two payday loans with Makwa Finance.

10. With respect to her Makwa installment loan ending in -6578, the Debtor paid at least $1,108.54 to Makwa on or within 90 days of the Petition Date. *See* Docket No. 1, Case No. 22-12638 TBM, at 6.

11. With respect to her Makwa installment loan ending in -6318, the Debtor paid at least $1,111.84 to Makwa on or within 90 days of the Petition Date. *See id.*

## CLAIM FOR RELIEF
### (11 U.S.C. §§ 547(b) & 550(a))

12. The Trustee incorporates by this reference the allegations contained in Paragraphs 1 through 11 above as though more fully set forth in this Claim for Relief.

13. As set forth above, the Debtor transferred at least $2,220.38 to Makwa (the "Transfers").

14. The Transfers were transfers of interests of the Debtor in property.

15. The Transfers were made to or for the benefit of Makwa.

16. At the time of the Transfers, Makwa was a creditor of the Debtor.

17. The Transfers were made for or on account of an antecedent debt owed by the Debtor before such transfers were made.

18. The Transfers were made while the Debtor was insolvent.

19. The Transfers were made on or within 90 days of the Petition Date.

20. The Transfers enabled Makwa to receive more than Makwa would have received in the Debtor's chapter 7 case if the Transfers had not been made and Makwa had received payment of its debt to the extent provided by the provisions of the Bankruptcy Code.

21. If the Transfers are avoided pursuant to 11 U.S.C. § 547(b), the Trustee may recover the property transferred or the value thereof from Makwa pursuant to 11 U.S.C. § 550(a).

WHEREFORE, the Trustee respectfully requests that the Court enter judgment in his favor and against Makwa, (a) avoiding the Transfers pursuant to 11 U.S.C. § 547(b) in an amount to be proven at trial; (b) authorizing, pursuant to 11 U.S.C. § 550(a), the recovery of the avoided Transfers or the value thereof from Makwa; (c) awarding the Trustee his costs incurred in prosecuting the within proceeding; and (d) granting such other relief as the Court deems appropriate.

Dated this 18th day of April, 2023.

Respectfully submitted,

*/s/ David V. Wadsworth*

_____
David V. Wadsworth, #32066
2580 West Main Street, Suite 200
Littleton, Colorado 80120
303-296-1999 / 303-296-7600 FAX
dwadsworth@wgwc-law.com
Chapter 7 Trustee